IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHANIE BUSH,

    PLAINTIFF,

v.                                  CASE NO.: 3:21-CV-04401

CAJUN SPECIALTY MEATS, INC.

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Stephanie Bush, (hereinafter referred to as the "Plaintiff" or "Bush"), by and through the undersigned counsel, sues the Defendant, Cajun Specialty Meats, Inc. (hereinafter referred to as the "Defendant" or "CSM"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for discrimination and interference her federally protected rights under the Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654; and Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §§ 12111-12117, 12203.

1

3. Defendant is considered an employer within the terms and conditions of 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Pensacola, Florida worksite.

4. Plaintiff worked for Defendant from September 2018, until May 19, 2020. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6. This action lies in the Northern District of Florida, Pensacola Division, because the action arose in this judicial district.

7. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On June 11, 2020, Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202025751) and the United States Equal Employment Opportunity Commission

("EEOC" No.: 15D202000978). On December 7, 2020, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter on April 21, 2021 from the EEOC which was not received until September 27, 2021.

## PARTIES

8. Plaintiff a citizen of the State of Arizona and who resides in Redfield, Arizona.

9. Defendant, Cajun Specialty Meats, Inc. is a private, for profit organization that does business in the State of Florida, Santa Rosa County.

## FACTS

10. Plaintiff is a 34 year old Caucasian female.

11. Plaintiff was employed by Defendant from August 1, 2018 until May 19, 2020.

12. Plaintiff began her employment with Defendant in 2018 as a server/bartender.

13. Plaintiff was then moved to a front of house lead and then in October 2019, she was promoted to a Front of House Manager and placed on salary.

14. Plaintiff performed the duties of this position in a more than satisfactory manner.

15. In November of 2019, Plaintiff was diagnosed with the autoimmune

disease Rheumatoid Arthritis.

16. After her diagnosis, Plaintiff continued to work as a Front House Manager and as she was only working 40 to 42 hours a week.

17. In late March 2020, Defendant's business temporarily closed as a result of the Covid-19 pandemic.

18. Later that month Plaintiff was told that the restaurant was reopening for breakfast and that she had to return to work and was expected to work seven days a week.

19. After reminding management of her disability and that she had only been working five days a week and between 40 to 42 hours a week, Defendant's management asked her to step outside.

20. Plaintiff was then informed that because she could not work the maximum number of days and hours because of her disability, they were cutting her down to an hourly position at $13.00 an hour and that she could file for unemployment.

21. After the COVID-19 shutdown ended, Plaintiff was notified by management that if she wanted to return to her regular position at regular pay upon full reopening she would have to work at least fifty five (55) hours a week.

22. Plaintiff notified Lisa Dunlap (Manager), that she would be unable to work a seven day, fifty five (55) plus hour work week due to her disability and

requested a reasonable accommodation from Defendant that she be allowed to work a reduced number of hours like she had prior to the coivd-19 shutdown.

23. In response, Lisa Dunlap notified Plaintiff that her accommodation request for reduced hours as a Front End Manager was denied.

24. Plaintiff was informed that she would have to move to a hybrid, part time bar tender position working up to twenty five (25) hours a week on whatever available shifts she could pick up, for minimum tip wage plus tips, and then work twenty five (25) hours a week as a part time front house lead making $16.00 an hour.

25. This hybrid position was not an attempt at accommodating Plaintiff, but a demotion that was substantially less pay but more work than Plaintiff's original position and essentially a constructive termination of Plaintiff's employment.

26. Plaintiff's last day of employment with Defendant was May 19, 2020.

FIRST CAUSE OF ACTION
*DISABILITY DISCRIMINATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 15 and 19-36 of this complaint with the same force and effect as if set forth herein.

28. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*,

prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

29. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than 15 employees.

30. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

31. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

32. Plaintiff suffers from rheumatoid arthritis which is a condition that impacts her musculoskeletal system.

33. Plaintiff's rheumatoid arthritis affects her joints and bones and other internal organs and systems.

34. Rheumatoid arthritis can also cause fatigue, difficulty sleeping, bending, walking and standing for long periods of time.

35. Rheumatoid arthritis is an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

36. Plaintiff's rheumatoid arthritis substantially limited her ability to perform the major life function of standing, walking, bending, lifting and affected her general musculoskeletal function.

37. Upon learning of Plaintiff's rheumatoid arthritis and requested accommodations, Defendant under an obligation to engage in a good faith interactive process with Plaintiff determine the reasonableness of her requested accommodation.

38. Defendant failed to engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's rheumatoid arthritis nor did Defendant "explore potential accommodations" to overcome those limitations.

39. Defendant's termination and disqualification of Plaintiff's employment on May 19, 2020, on the basis of her disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable her to be employed by Defendant, violated the ADA.

40. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

41. The adverse personnel action, the termination of Plaintiff's employment, clearly violated her statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

42. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

## SECOND CAUSE OF ACTION
*DISABILITY RETALIATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 15 and 19-36 of this complaint with the same force and effect as if set forth herein.

44. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

45. Defendant terminated and disqualified Plaintiff from her employment in retaliation for questioning and objecting to Defendant's failure to discuss her accommodation requests and for requesting an accommodation.

46. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

47. When Plaintiff provided Defendant with sufficient information regarding her rheumatoid arthritis and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

48. Plaintiff questioned and objected to Defendant's failure to reasonably discuss her accommodation requests.

49. Defendant's May 19, 2020, termination and disqualification of Plaintiff's employment was in retaliation for her seeking a good faith accommodation, her objecting to Defendant's discriminatory practices regarding her disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

50. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in the statutory protective activity of requesting a reasonable accommodation.

THIRD CAUSE OF ACTION
(FMLA INTERFERENCE)

51. Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 3 through 5 and 8 through 35 of this complaint with the same force and effect as if set forth herein.

52. "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

53. Plaintiff was an employee entitled to a benefit under the FMLA and Defendant denied her that benefit.

54. At the time of Plaintiff's termination, Defendant had more than sufficient knowledge that Plaintiff entitled to FMLA leave.

55. Defendant had more than sufficient knowledge that her rheumatoid arthritis was a serious health condition and an FMLA-qualifying medical condition.

56. Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave.

57. Defendant should have notified Plaintiff of her eligibility to take FMLA leave for her rheumatoid arthritis within five business days.

58. The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations related to the FMLA and explaining any consequences of her failure to meet these obligations.

59. Defendant never provided Plaintiff with any type of written notice

regarding her FMLA rights related to her rheumatoid arthritis, thus interfering with and denying her substantive rights under the FMLA.

60.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

61.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

   a)   Declaring the acts and practices complained of herein are violation of the FMLA and ADA;

   b)   Enjoining and permanently restraining those violations of the FMLA and ADA;

   c)   Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

   d)   Equitable relief in the form of reinstatement or front pay, as the

court deems appropriate, pursuant to the ADA and/or FMLA;

  e) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the FMLA and ADA;

  f) Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA;

  g) Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA and FMLA;

  h) Awarding liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii);

  i) Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA, FMLA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

  j) Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure,

Plaintiff demands a trial by jury in this action.

Dated: December 16, 2021.    By: */s/ Clayton M. Connors*
                                                    CLAYTON M. CONNORS
                                                    Florida Bar No.: 0095553
                                                    Email: cmc@westconlaw.com
                                                    **THE LAW OFFICES OF**
                                                    **CLAYTON M. CONNORS, PLLC.**
                                                    4400 Bayou Blvd., Suite 32A
                                                    Pensacola, Florida 32503
                                                    Tel:  (850) 473-0401
                                                    Fax: (850) 473-1388
                                                    Attorney for Plaintiff